# LAW OFFICES OF JILL R. SHELLOW

Telephone: 212.792.4911  /  Fax: 212.792.4946  /  jrs@shellowlaw.com
All correspondence to:  80 Broad Street, Suite 1900, New York, NY  10004

July 9, 2020

**BY ECF AND EMAIL**
The Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007
SwainNYSDCorresp@nysd.uscourts.gov

      **RE:**   *United States v. Constantinescu, et al.*, **19-cr-651 (LTS)**

Dear Judge Swain:

    Today Your Honor adjourned the conference previously scheduled for July 15 to September 18, 2020.  Counsel for the 12 incarcerated defendants[1] want, however, to bring to Your Honor's attention problems that our clients have reviewing the voluminous discovery that has been produced and not wait until September.

    Under the system that is currently in place, the Government provides a single hard drive (or a single set of hard drives) to MDC and MCC that each facility stores centrally in the law library for all defendants to share.  Recently, the BOP has consented to have the Government send to each defendant their own hard drive containing a copy of the non-sensitive discovery so that the hard drive can be stored on the defendants' respective units.  The Government is creating and delivering these individual hard drives as quickly as is practicable under the present circumstances.

    The problem is that at MDC and MCC our clients have extremely limited access to a computer.  On many occasions over the last year, our clients have been locked down – sometimes for days at a time – for security reasons.  During a lockdown, our clients are not permitted to leave their cells.  The pandemic makes the situation worse.  Now, even when there is no security crisis, our clients are only permitted out of their cells for 2-3 hours each day.  This is the only time that our clients (and the 40-60 other inmates in their units) have the opportunity to shower, talk to family, and use the computer on the unit. For example,

---

[1] Of the 28 defendants listed on the docket, six appear to be unapprehended (Nos. 16, 17, 18, 22, 23 and 26), and one has entered a guilty plea (No. 12).  Of the remaining 21 defendants, nine have been released on bail, and 12 are incarcerated.  Four are at MDC; eight are at MCC.

**Connecticut Office**:  2537 Post Road, Southport, CT 06890  /  Tel: 203.258.1463  /  Admitted:  NY, CT, DC

**The Honorable Laura Taylor Swain**
**United States District Judge**
July 9, 2020
Page two

my understanding is that on my client's unit at MDC, there is only one working computer that is shared by approximately 50 inmates. This is the only computer available for reading and sending emails to family, reviewing discovery, and communicating with lawyers.

In sum, the incarcerated defendants have had minimal opportunity to review the discovery produced. Even having individual hard drives does not solve the problem of an insufficient number of working computers available for inmate use. As for the sensitive discovery that we (or our paralegals) must review with our clients (often with the assistance of an interpreter), many of us have had no significant time to meet with our clients in person. The availability of video calls is limited, and video conferences are not an effective or viable means of reviewing discovery with our clients.

We are not the only multi-defendant case to have these problems. A steering committee composed of defense counsel in this and other cases is presently exploring with the Bureau of Prisons possible solutions to this problem that could be implemented in this and other cases. For example, discovery could be supplied to defendants on inexpensive tablet-like devices (that are prepared by the Government and striped of any ability to access the internet). The goal of these conversations is to develop a cost-effective discovery vehicle, which allows defendants to efficiently review discovery and prepare for trial, that the Bureau of Prisons finds feasible. These discussions are on-going, and we are not yet ready to present a proposal to Your Honor. That said, we wanted Your Honor to be aware of the current problems and know that we are working to develop solutions that will permit us, and other matters, to move forward.

Respectfully submitted,

Jill R. Shellow

cc: All counsel (by email and ECF)